**Marcus F. NELSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 83–568, 83–872 and 83–873.**

District of Columbia Court of Appeals.

Reargued June 18, 1984.
Decided Aug. 9, 1984.

Milton Edward Bander, Washington, D.C., appointed by this court, for appellant.

Robert Klonoff, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the petition, for appellee.

Before PRYOR and ROGERS, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

Appellant pleaded guilty to charges of petit larceny, D.C.Code § 22–2202 (1981), possession of heroin, *id.* § 33–541(c), and attempted petit larceny, *id.* §§ 22–103, –2202, and was sentenced to consecutive terms of imprisonment of three years, two years, and one year. Execution of the sentences was suspended, and appellant was placed on probation for three years subject to the conditions that he enter the Bureau of Rehabilitation Drug Program, obtain

and maintain employment, and obey the law.

Subsequent to being sentenced, appellant was convicted in February 1983 of unlawful entry, *id.* § 22–3102. In view of this conviction, the court issued an order directing appellant to show cause why his probation should not be revoked. After a hearing on May 5, 1983, the trial court revoked appellant's probation and ordered execution of the original sentence.

Appellant challenges the adequacy of the probation revocation hearing and contends that imposition of the original sentence was cruel and unusual punishment in violation of the Eighth Amendment. We affirm.

## I

■ In *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1972), the Supreme Court recognized that the loss of liberty associated with revocation of probation requires that the probationer be accorded due process. The Court held that the hearing procedures applicable to parole revocations, as set forth in *Morrissey v. Brewer,* 408 U.S. 471, 484–90, 92 S.Ct. 2593, 2601–04, 33 L.Ed.2d 484 (1972), also apply to probation revocation. *Gagnon v. Scarpelli, supra,* 411 U.S. at 782, 93 S.Ct. at 1759. Thus, a probationer, as does a parolee, has a right to a preliminary and a final revocation hearing. *Id.*

■ The purpose of the preliminary hearing is to determine if there is probable cause to believe that the probationer has violated a condition of his probation. *Morrissey v. Brewer, supra,* 408 U.S. at 485, 92 S.Ct. at 2602. As the Supreme Court has recognized, where the probationer or parolee has been convicted of and incarcerated on a subsequent offense, there is probable cause to believe that conditions of probation or parole have been violated, and a preliminary hearing is therefore unneces-

sary. *Moody v. Dagget,* 429 U.S. 78, 86 n. 7, 97 S.Ct. 274, 278 n. 7, 50 L.Ed.2d 236 (1976). Here, given appellant's conviction of and incarceration on the subsequent offense of unlawful entry, he was entitled only to a final hearing. Moreover, this court recently held in *Smith v. United States,* 474 A.2d 1271, 1273 (D.C.1983), that a preliminary hearing is unnecessary when the probationer is not being detained pursuant to the alleged violation of probation. Here, although appellant was detained at the time the court ordered him to show cause, his incarceration was the result of the sentence imposed for the unlawful entry offense that he committed after probation was imposed. Thus, under *Smith,* because he was not being detained for an alleged violation of probation, appellant was not entitled to a preliminary hearing.

■ At the revocation hearing, all contested relevant facts must be evaluated to determine whether revocation is warranted. The parolee or probationer "must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Morrissey v. Brewer, supra,* 408 U.S. at 488, 92 S.Ct. at 2603. Here, it is clear from the record that appellant had a chance to present circumstances in mitigation but did not do so. His failure to avail himself of this opportunity did not undermine the fairness of the proceeding.[1]

## II

■ Appellant also contends that the trial court abused its discretion in revoking probation and that imposition of the original sentence constituted cruel and unusual punishment in violation of the Eighth Amendment. A trial court may modify or terminate the probationary term of a defendant when in its opinion "the ends of

---

1. Appellant contends further that the trial court abused its discretion in failing to sua sponte order a continuance of the revocation hearing. A continuance, appellant argues to this court, would have allowed him to secure witnesses to

testify to mitigating circumstances. The problem, however, is that appellant made no such proffer to the trial court. In the absence of a proffer, there is no ground for concluding that the trial court abused its discretion.

justice shall require." D.C.Code § 24–104 (1981). A decision on revocation will be overturned only if there has been an abuse of discretion. *Jones v. United States,* 401 A.2d 473, 477 (D.C.1979) (citing *Burns v. United States,* 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932)).

■ In support of his contention that the trial court abused its discretion in revoking probation, appellant argues that the resulting sentence constituted cruel and unusual punishment. He relies upon *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), in which the Supreme Court held that a sentence of life imprisonment without possibility of parole for the offense of uttering a "no account" check for $100 was prohibited by the Eighth Amendment. Here, appellant was sentenced to six years' imprisonment for three separate offenses.

Appellant's attempt to analogize his six-year sentence to the sentence in *Helm, supra,* is obviously futile. In view of appellant's lengthy criminal record, the sentence imposed clearly was not cruel and unusual. We hold, therefore, that the trial court did not abuse its discretion in revoking appellant's probation and imposing the original sentence.[2]

Accordingly, the order of the trial court is

*Affirmed.*

2. Appellant's final contention is that he received ineffective assistance of counsel. This argument is based upon counsel's failure to demonstrate entitlement to a final probation revocation hearing in addition to a preliminary hearing. As we have held, however, appellant was entitled only to the final hearing that he did receive.