**William A. MOZINGO, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 84–868.**

District of Columbia Court of Appeals.
Submitted Oct. 21, 1985.
Decided Jan. 16, 1986.

Walter S. Booth, Washington, D.C., appointed by the court, was on brief for appellant.

Joseph E. diGenova, U.S. Atty., and Michael W. Farrell and Mona Mack, Asst. U.S. Attys., Washington D.C., were on brief for appellee.

Before NEBEKER and MACK, Associate Judges, and PAIR, Senior Judge.

NEBEKER, Associate Judge:

■ This appeal presents, *inter alia,* the question of whether a criminal defendant may prosecute an appeal after a jury finding of guilty and an imposition of 180 days probation pursuant to D.C. Code § 33–541(e)(1) (1985 Supp.). That provision permits, with the defendant's consent, the imposition of probation without judgment with a view to deferring, and ultimately dismissing, the proceedings upon completion of the probationary period. In addition to its lack of jurisdiction argument, the government also contends the controversy is moot because the defendant has successfully completed probation and awaits dismissal of the proceedings. We hold that the statute provides for sufficient collateral consequences to defeat the argument of mootness and that though no judgment has been entered, the order of probation predicated upon a verdict of guilty is an appealable order under D.C. Code § 11–721(a).

As to the merits of the appeal, it is contended that: (1) the trial court committed plain error in failing, sua sponte, to reconsider a pretrial motion to suppress on the basis of changed trial testimony by a police officer; (2) the arrest was not supported by probable cause; (3) the evidence was insufficient to support conviction; and (4) defense counsel was improperly restricted in his argument to the jury. We find no merit to these contentions and affirm the order of probation.

### Note to the Bar

■ Before getting to the specifics of this case, we wish to take this opportunity to remind counsel in this case and the bar in general, of the recent revision to the appellate procedure rules of this court which became effective January 1, 1985. A most significant revision is found in D.C. App.R. 28 dealing with the contents of briefs. We have added a requirement under subsection (f) which states:

[I]f determination of the issues presented requires the study of statutes, rules, or regulations, or relevant parts thereof, they shall be reproduced in the brief or in an addendum at the end, or they may be supplied to the court in pamphlet form.

The purpose for this provision is best understood when one realizes the plethora of rules and regulations emanating from amendments to federal rules of procedure, Superior Court amendments to its rules, and enactment of permanent and emergency or other time limited legislation from the District of Columbia Council, and the Congress. To these must be added the ever changing rules and regulations of local administrative agencies.

In this case the government has been kind enough to reproduce for us a Maryland statute similarly dealing with deferred judgment and probation. However, neither party has supplied us with the specific provision in the District of Columbia Code as it appears in the latest supplement. We expect that in the future all counsel will assist this court by providing the relevant statutes, rules, and regulations as contemplated in Rule 28.

### Jurisdictional Question

██ As to the jurisdictional question presented by the government we note that § 11–721(a) providing for appeals from final trial court decisions is couched not only in terms of judgments but also of orders. The language is:

> The District of Columbia Court of Appeals has jurisdiction of appeals from—
> (1) all final orders and judgments of the Superior Court of the District of Columbia.

Although the government is correct in its observation that the entry of judgment in this case has been deferred and now will never eventuate, we conclude that the order of probation has all the necessary characteristics of finality to be appealable as such. The verdict of guilty has been returned and issues are capable of being joined. Although the defendant consents to deferring entry of judgment, he in no way is required to forego the right of appeal from the order implementing that verdict with a period of probation. We, therefore, hold that jurisdiction to entertain the appeal exists initially.

As to the government's contention respecting mootness, we hold that, despite successful completion of the period of probation and entitlement to discharge and a dismissal of the proceedings, attendant collateral consequences remain. D.C.Code § 33–541(e)(1) provides that "a nonpublic record [of completed probation] shall be retained solely for purpose of use by the courts in determining whether or not, in subsequent proceedings, such person qualifies under this subsection." To be qualified under subsection (e) the individual must not have previously been discharged thereunder with proceedings dismissed. Thus, despite the existence of no other civil or criminal disqualifications or disabilities, we hold the controversy continues to exist. *See* D.C.Code § 11–705(a) (1981); *see also United States v. Cummings,* 301 A.2d 229 (D.C.1973).

### Merits of the Case

██ As to the merits of this appeal, we hold that the observations of the police respecting appellant's participation in a street drug transaction to be sufficient to warrant the arrest. He was seen to remove a white container from the bag he carried and empty a number of pills from it. He showed the pills to the men with whom he was conversing. He then returned the pills to the container and gave it to one of the men in the group. Then, in return, one of the other men gave him some money. The transaction occurred after the other two men were seen in a high narcotics area smoking a marijuana cigarette. Those men were followed to where appellant joined them in the observed transaction. These observations, made from a distance of less than six feet, clearly support the conclusion that the arrest was based upon probable cause. *Munn v. United States,* 283 A.2d 28, 30 (D.C.1971).

We find nothing in the testimony of the officer at trial that required a sua sponte reopening of the suppression hearing. At the suppression hearing the officer testified that he thought pills were recovered from one of the two men, whereas at trial he stated that he had reviewed his written report and it refreshed his recollection that it was the other of the two who received the pills. That change in testimony in no way detracts from the quantum necessary for probable cause to arrest. There was no error in failing, sua sponte, to reopen the suppression hearing during trial. *See United States v. Allen*, 337 A.2d 512, 513 (D.C.1975) (error for trial court to rehear, sua sponte, motion to suppress that had previously been considered and denied pretrial where no basis to reopen the motion was presented to the trial judge).

Based on the testimony of the officer and the nature of the evidence seized, we find it to be sufficient for conviction. In addition, appellant's challenge to the restrictions on his closing argument is unpersuasive. Appellant was charged with possession. Assuming that the desired argument on a theory of sale was somehow relevant, the limitation imposed was not reversible error.

Accordingly, the order of probation is affirmed.