**Willie Lee BARNES, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 85–19.

District of Columbia Court of Appeals.

Submitted Jan. 7, 1986.

Decided Aug. 6, 1986.

---

Christopher M. Wright, Alexandria, Va., appointed by this court, was on brief, for appellant.

Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Robertson T. Park, and Thomas J. Motley, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before PRYOR, Chief Judge, and ROGERS and STEADMAN, Associate Judges.

STEADMAN, Associate Judge:

In 1983, appellant was convicted of possession of heroin and given a suspended sentence for all but 90 days, with two years' probation to follow. In January 1984, after appellant's conviction in another case for distribution of heroin, the probation order in the first case was modified to coincide with the condition of probation imposed by the trial court in the second case: successful completion of the residential drug program at Second Genesis.[1] No objection was made to the modification[2] and no appeal was taken. In December 1984,

appellant was expelled from Second Genesis and his probation in the first case was revoked by order of January 11, 1985. He now appeals that revocation, asserting that the January 1984 modification was an abuse of discretion in that it increased the severity of the terms of probation without adequate justification.[3]

Two questions are presented on this appeal. The first is whether a probation modification is an appealable order; we hold the answer is yes. The second is whether a probation modification order that is not appealed may be subsequently attacked in an appeal from an order revoking probation; we hold the answer is no.

I.

This court has jurisdiction to review "all final orders and judgments of the Superior Court of the District of Columbia." D.C.Code § 11-721(a)(1) (1981). A probation modification order is appealable only if it is a "final order" within the meaning of this section.[4]

Finality in a criminal case normally requires the imposition of a sanction. Therefore, when a judgment has been entered but no sanction imposed, finality is lacking and the appeal is premature. *West v. United States*, 346 A.2d 504 (D.C.1975); *In re Cys*, 362 A.2d 726 (D.C.1976).[5] However, when a sanction is imposed, finality at-

---

1. The requirement of completion of the Second Genesis program replaced the initial condition of drug testing and treatment.

2. Appellant was present and represented by counsel at the modification hearing, where the following interchange took place:

   THE COURT: Now, what I was thinking of doing was to change the probation in my case to Second Genesis also. How does that sound?
   [APPELLANT'S COUNSEL]: Very well. That is agreeable with the defense, Your Honor. Appellant also signed the modification order.

3. Appellant is not challenging his expulsion from Second Genesis.

4. No other jurisdictional authority of this court would encompass such an order. We are not

dealing here with interlocutory or other like appeals which we are specifically authorized by statute to review. *See, e.g.,* D.C.Code § 11-721(a)(2) (1981); *Id.* § 23-704(e) (1981) (extradition orders); *Id.* § 23-1324 (1981) (conditions of release). Nor are we dealing with the narrow forms of nonstatutory interlocutory appeals falling within the doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See, e.g., Frost v. Peoples Drug Store, Inc.,* 327 A.2d 810 (D.C.1974) (forum non conveniens).

5. Where a specific sentencing alternative is authorized which makes final disposition of a criminal proceeding even though no sanction is imposed, an appeal properly lies. *See In re Siracusa,* 458 A.2d 408 (D.C.1983) (suspension of imposition of sentence as authorized by D.C. Code § 16-710 (1981)).

taches even though no immediate money payment or incarceration may flow therefrom. Thus, appeals may be immediately taken where a court imposes not a sentence but probation, which might be enlarged into sentence under appropriate circumstances, *Korematsu v. United States*, 319 U.S. 432, 435, 63 S.Ct. 1124, 1126, 87 L.Ed. 1497 (1943); *see McDonald v. United States*, 415 A.2d 538, 541 (D.C.1980); where the court suspends execution of sentence, *Berman v. United States*, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937); *cf. Ziegler v. District of Columbia*, 71 A.2d 618, 619 (D.C.Mun.App.1950); and where the court imposes a sentence termed "conditional" and expressly subject to subsequent modification. *Butler v. United States*, 379 A.2d 948 (D.C.1977).

Most recently, in *Mozingo v. United States*, 503 A.2d 1238 (D.C.1986), we addressed the final order question in a similar context where a court employed D.C.Code § 33–541(e)(1) (1985 Supp.) to impose probation after a guilty verdict. That Code provision permits, with the defendant's consent, the imposition of probation without judgment with a view to deferring, and ultimately dismissing, the proceedings upon completion of probation. We held that such an "order of probation has all the necessary characteristics of finality to be appealable as such." 503 A.2d at 1240. As with the imposition of probation, so too an order revoking probation[6] is appealable as a final order. *See, e.g., Nelson v. United States*, 479 A.2d 340 (D.C.1984).

From the teaching of this case law, it follows that since an order adversely modifying the terms of probation affects the nature of the sanction imposed, it is immediately appealable as a "final order."

## II.

■ Appellant argues that a probation modification order, even though an appeal-

able "final order," may be subsequently attacked on an appeal from an order revoking the probation. Thus the issue becomes, if a probation modification order *may* be appealed when entered, *must* it be appealed then?

D.C.App.R. 4 II(b)(1) (1983), in effect at the time appellant's probation was modified, provided that a notice of appeal in a criminal case must be filed within ten days of the entry of the judgment or order from which the appeal was taken. D.C.App.R. 4 II(a)(1) (1983) dealing with civil appeals was similarly worded but allowed thirty days.[7] We have held that these appeal times are mandatory and jurisdictional. *United States v. Jones*, 423 A.2d 193, 196 (D.C. 1980); *Brown v. United States*, 379 A.2d 708 (D.C.1977).

While this court has not specifically dealt with the possibility of allowing the terms of a prior probation order to be attacked following probation revocation, such an approach has been rejected elsewhere. In *United States v. Weber*, 437 F.2d 1218 (7th Cir.1971), the defendant pled guilty to income tax evasion and was placed on probation for three years. As a condition of probation, defendant was required to make full settlement of taxes owed. He failed to do so and his probation was revoked. On appeal from the revocation order, defendant claimed that the tax settlement requirement was not a legitimate condition of probation. The court held that since the defendant had accepted the probation condition without challenging it on direct appeal, he was foreclosed from attacking the condition on his subsequent appeal from the order revoking probation. In so holding, the court followed the prior decision of *United States v. Steiner*, 239 F.2d 660 (7th Cir.1957).

---

**6.** Modification or revocation of probation is authorized by D.C.Code § 24–104 (1985 Supp.) which states, in part:

At any time during the probationary term the court may modify the terms and conditions of the order of probation, or may terminate such

probation, when in the opinion of the court the ends of justice shall require ....

**7.** The current provisions, D.C.App.R. 4(a), (b) (1985), both require filing within thirty days.

Similarly, in *United States v. Miller*, 454 F.Supp. 440 (N.D.Ill.1978), defendant pled guilty to making a false statement on a check. He was placed on probation for two years with the special condition that he make complete restitution. When defendant failed to make restitution within the two-year period, the court with defendant's express consent extended the probation for an additional two years. A year later the government sought to revoke defendant's probation because he was engaging in criminal activity. At the revocation hearing, defendant sought to challenge the validity of the extension of the probation period. The court held that the order extending defendant's probation was a final order and that since the defendant had not appealed from that order, his attempted collateral attack against it could not be sustained by the court. *Id.* at 444.

We have applied in a contempt proceeding the requirement that an appeal be taken within a stated time period after entry of the final order complained of even if the proceeding is one in which subsequent action is contemplated, or may occur. In *Wells v. Wells*, 358 A.2d 648 (D.C.1976), appellant failed to make child support payments. He was found in contempt and ordered to serve a 30–day sentence, but the sentence was stayed on condition that he comply with an increased payment schedule. When appellant failed to do so, an order was entered vacating the stay of sentence. On appeal from the latter order, appellant attempted to challenge the validity of the contempt proceeding and the revision of the payment schedule. We held that since the original proceeding had not been appealed, we were without jurisdiction to consider any challenge to its merits in the appeal from the order vacating the stay.[8]

The same requirement may be seen to be applied in purely civil litigation. Thus, in *Quarles v. Quarles*, 353 A.2d 285 (D.C.), *cert. denied*, 429 U.S. 922, 97 S.Ct. 321, 50 L.Ed.2d 290 (1976), a divorce decree made a property disposition but left open the question of child support. The decree was not appealed. Subsequently, a child support order was entered and an appeal taken. We held that the property division, not having been timely appealed earlier, could not be attacked on the subsequent appeal from the child support order. "The resolution of those [property division] issues became final when, after 30 days the time for appeal expired and that judgment became the law of the case." 353 A.2d at 288. In *In re C.I.T. and C.M.T.*, 369 A.2d 171 (D.C. 1977), an order was entered terminating parental rights, but setting a future time for a disposition hearing to determine the future placement of the children. We held that the appeal time for challenging the termination of parental rights ran from the date of the order and not from the date of the future disposition hearing.[9]

The orderly conduct of judicial business requires that the proper time for appeal be clear and fixed. Adhering to this principle,[10] we hold that the failure to file a

---

**8.** A somewhat analogous situation presents itself in the case of permanent injunctions. Where such an injunction is entered, it must be challenged by a timely appeal; to do so only in a contempt proceeding is too late. *NLRB v. Local 282, Int'l Brotherhood of Teamsters*, 428 F.2d 994 (2d Cir.1970).

**9.** This requirement of timely appeal from a final order is also implicitly recognized in our decisions involving two orders in sequence, where we specifically hold both that the second is an appealable order *and* that the prior one was non-appealable (and thus may be challenged in the appeal from the second order). Were the law as argued by appellant, it would be unneces-

sary to determine whether the prior order was appealable or not, since in any event it could be challenged on the subsequent appeal. *See, e.g., District of Columbia v. Trustees of Amherst College*, 499 A.2d 918 (D.C.1985) (second order setting exact amount of tax refund is the appealable order, not the first order granting tax exemption and thus allowing a refund; hence, propriety of granting the tax exemption may be attacked on appeal).

**10.** Concern has been expressed about precluding attacks on prior unappealed (but appealable) orders in an appeal of a subsequent order where a case has ongoing characteristics, especially in light of the tendency to expand the

timely appeal of the order modifying the terms of probation deprives us of jurisdiction to consider any challenge to it. Appellant does not otherwise contest the validity of the order revoking probation from which this appeal is taken.

*Affirmed.*

definition of "final order." *See* 18 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 4433 (1981). However that may be, we do not think the instant case raises concerns warranting a close examination of the circumstances, if any, where an exception to the normal rule may be invoked.