**Avon TWITTY, a/k/a Rashid S. Ali, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 87–405.**

District of Columbia Court of Appeals.

Argued March 16, 1988.

Decided May 11, 1988.

Lawrence M. Baskir, Washington, D.C., appointed by the court, for appellant.

Ann K.H. Simon, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty. at the time the brief was filed, and Michael W. Farrell and Helen M. Bollwerk, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before PRYOR, Chief Judge, and BELSON and ROGERS, Associate Judges.

PER CURIAM:

Appellant, whose convictions of first-degree murder while armed and carrying a pistol without a license have previously

---

been affirmed by this court,[1] appeals from the trial court's denial of his motion for new trial based upon newly discovered evidence. On appeal, he waives challenge to all but one of the rulings contained in the trial court's order denying his motion, *viz.,* that a witness' credibility may not be impeached on the basis of an order of probation without judgment imposed under D.C. Code § 33–541(e) (1987 Supp.) after a finding of guilt. We affirm.

At the time of trial, appellant was unaware that one government witness had completed his § 541(e) probationary period and the case against him had been dismissed and another government witness' § 541(e) probationary period had not yet expired. In seeking a new trial, appellant argued, *inter alia,* that where a government witness has served or is serving a probationary term imposed under § 541(e), the witness' treatment under § 541(e) qualifies as a "prior conviction" for impeachment purposes under D.C.Code § 14–305(b)

(1981). We sustain the trial court's rejection of appellant's argument with respect to both witnesses.

Section 541(e) probation is imposed "without entering a judgment of conviction." Upon completion of the probationary period, "[d]ischarge and dismissal under this subsection shall be without court adjudication of guilt, ... [and] *shall not be deemed a conviction* for purposes of disqualifications or disabilities imposed by law upon conviction of crime ... *or for any other purpose.*" D.C.Code § 33–541(e)(1) (emphasis supplied).[2]

This court has held that a witness may not be impeached with a prior guilty verdict, pursuant to D.C.Code § 14–305 (1981), "unless and until there is a *judgment of conviction* premised on a sentence." *Langley v. United States,* 515 A.2d 729, 734 (D.C.1986) (emphasis supplied); *see Godfrey v. United States,* 454 A.2d 293, 305 & n. 36 (D.C.1982) (a guilty plea pursu-

---

**1.** *Twitty v. United States,* No. 84–472 (D.C. Oct. 15, 1986) (unpublished memorandum opinion and judgment).

**2.** D.C.Code § 33–541(e)(1) and (2) (1987 Supp.) provides:

    (1) If any person who has not previously been convicted of violating any provision of this chapter, or any other law of the United States or any state relating to narcotic drugs or depressant or stimulant substances is found guilty of a violation of subsection (d) of this section and has not previously been discharged and had the proceedings dismissed pursuant to this subsection, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place him or her on probation upon such reasonable conditions as it may require and for such period, not to exceed 1 year, as the court may prescribe. Upon violation of a condition of the probation, the court may enter an adjudication of guilt and proceed as otherwise provided. The court may, in its discretion, dismiss the proceedings against such person and discharge him or her from probation before the expiration of the maximum period prescribed for such person's probation. If during the period of probation such person does not violate any of the conditions of the probation, then upon expiration of such period the court shall discharge such person and dismiss the proceedings against him or her. Discharge and dismissal under this subsection shall be without

court adjudication of guilt, but a nonpublic record thereof shall be retained solely for the purpose of use by the courts in determining whether or not, in subsequent proceedings, such person qualifies under this subsection. Such discharge or dismissal shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime (including the penalties prescribed under § 33–548 for 2nd or subsequent convictions) or for any other purpose.

    (2) Upon the dismissal of such person and discharge of the proceedings against him under paragraph (1) of this subsection, such person may apply to the court for an order to expunge from all official records (other than the nonpublic records to be retained under paragraph (1) of this subsection) all recordation relating to his or her arrest, indictment or information, trial, finding of guilty, and dismissal and discharge pursuant to this subsection. If the court determines, after hearing, that such person was dismissed and the proceedings against him or her discharged, it shall enter such order. The effect of such order shall be to restore such person, in the contemplation of this law, to the status he or she occupied before such arrest or indictment or information. No person as to whom such order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of failure to recite or acknowledge such arrest, or indictment, or trial in response to any inquiry made of him or her for any purpose.

ant to which no judgment of conviction and sentence have yet been entered is not a "conviction" for impeachment purposes). Appellant points to *Mozingo v. United States*, 503 A.2d 1238 (D.C.1986), in which we held that a defendant receiving § 541(e) probation has a right to appellate review, as support for the proposition that § 541(e) probation constitutes a "sentence" and renders the entire proceeding a "judgment of conviction" under *Langley*.[3] We do not agree. In *Mozingo*, we made it clear that, in § 541(e) cases where probation is successful, "entry of judgment ... will never eventuate." *Mozingo, supra*, 503 A.2d at 1240. Further, *Mozingo* explained that the reason appeal may be taken from an order of § 541(e) probation is that

> the order of probation has all the necessary characteristics of finality to be appealable as such. The verdict of guilty has been returned and issues are capable of being joined. Although the defendant consents to deferring entry of judgment, he in no way is required to forego the right of appeal from the order implementing that verdict with a period of probation.

*Id.* That reasoning does not advance appellant's argument here.

Thus, in light of the plain language of the statute, appellant's argument must fail.

*Affirmed.*

**3.** Appellant also argues that because the government witnesses were in the same position generally as persons whose convictions have not yet been the subject of a certificate of rehabilitation or its equivalent, they should be treated similarly for impeachment purposes. Such persons are not exempt from prior conviction impeachment. D.C.Code § 14–305(b) (1981). We reject this argument for the reasons given in the body of this opinion.