Neal L. Thomas, Washington, DC, appointed by this court, for appellant.

Roger L. Kemp, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty. at the time the brief was filed, and John R. Fisher and Thomas C. Black, Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

**Douglas H. JACKSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 92–CF–529.**

District of Columbia Court of Appeals.

Argued April 16, 1993.

Decided June 3, 1993.

Before ROGERS, Chief Judge, and SCHWELB and FARRELL, Associate Judges.

ROGERS, Chief Judge:

Appellant Douglas H. Jackson *pro se* filed an appeal on April 20, 1992, from the judgment of conviction entered on February 7, 1992, revoking his probation and sentencing him to four to twelve years imprisonment. He was originally required to note an appeal from the judgment revoking his probation by March 9, 1992. D.C.App.R. 4(b). Later, however, the trial judge extended the time for appeal *nunc pro tunc* by thirty days, until April 13, 1992 (allowing for notice by mailing) pursuant to D.C.App.R. 4(b)(3). Nevertheless, appellant failed to note an appeal until April 20, 1992, seven days beyond the time limit of Rule 4(b). Accordingly, we hold

---

that the appeal is untimely and we dismiss the appeal for lack of jurisdiction. This dismissal is without prejudice to appellant renewing his claim in the trial court of ineffective assistance of counsel pursuant to D.C.Code § 23–110, an issue not reached by the trial judge in granting appellant's motion to extend the time to appeal for 30 days pursuant to D.C.App.R. 4(b)(3).

## I.

■ Appellant's *pro se* notice of an appeal from the judgment of February 7, 1992, was filed on April 20, 1992. This was after the thirty-day period for noting an appeal under D.C.App.R. 4(b) had expired. However, pursuant to appellant's motion to extend the time to appeal on the grounds of excusable neglect due to trial counsel's refusal to file a notice of appeal, the trial judge extended the period for an additional thirty days under D.C.App.R. 4(b)(3). Thus, appellant was required to note an appeal from the February 7, 1992, judgment by April 13, 1992, at the latest.[1]

■ The noting of a timely appeal is jurisdictional. *Brown v. United States,* 379 A.2d 708, 709 (D.C.1977). D.C.App.R. 4(b)(1) controls criminal appeals.[2] *Williams v. United States,* 412 A.2d 17, 19 (D.C.1980).

In the instant case, five days after the trial judge had revoked appellant's probation and imposed sentence, appellant, through trial counsel, filed a motion for reduction of sentence under Super.Ct.Crim.R. 35, which was denied on February 17, 1992 (order docketed February 19, 1992). In addition to appellant's *pro se* notice of appeal from the February 7, 1992, judgment that was received by the

court on April 20, 1992, the court had also received an affidavit, sworn April 6, 1992, in support of an application to proceed *in forma pauperis* on appeal and a docketing statement to the effect that the appeal was filed April 4, 1992. New counsel was appointed by this court to represent appellant on May 12, 1992.

In response to an order of this court of June 26, 1992, to show cause why the appeal should not be dismissed as untimely filed, appellant, through new counsel, submitted two memoranda. In these submissions, appellate counsel represented that on July 20, 1992, the trial court had granted his motion of July 8, 1992, to extend the time to notice an appeal for thirty days *nunc pro tunc* on the grounds of excusable neglect. The trial court docket confirms that, after a hearing, the trial judge granted the Rule 4(b)(3) motion relief *"nunc pro tunc* for 30 days for counsel to effect appeal." In addition, appellate counsel advised that, alternatively, he had filed a motion under D.C.Code § 23–110 to vacate the sentence and for resentencing on the ground of ineffective assistance of counsel based on trial counsel's failure to file a notice of appeal as directed by appellant. Attached to the supplemental pleadings were affidavits by appellant and appellant's trial counsel. In his affidavit appellant stated that after the denial of his motion to reduce sentence, he had told his trial counsel in late February or early March that he wanted "to appeal my case," and trial counsel had responded that he would not do so. Appellate counsel's affidavit stated that on July 6, 1992, he had spoken with appellant's trial counsel, who had acknowledged having a telephone conversation with appellant some time after

---

1. From the February 7, 1992, order of judgment and commitment imposing a sentence of four to twelve years: thirty days after the order of February 7, 1992 was March 9, 1992 (since March 8 was a Sunday); thirty additional days was April 8, 1992. If the order was mailed, then the appeal notice was due by April 13, 1992.

2. We reject the notion that the imposition of sentence following the revocation of probation is in the nature of a civil case, and controlled, therefore, by the civil rules. Conceptually, we find no principled difference between an appeal

after the imposition of sentence following a verdict and an appeal after the imposition of sentence upon revocation of probation. In so concluding, we recognize, as the government's brief points out, that probation revocation proceedings are in some respects in the nature of administrative proceedings. *Harris v. United States,* 612 A.2d 198, 201 (D.C.1992); *Thompson v. United States,* 444 A.2d 972, 974 (D.C.1982) (quoting *Short v. United States,* 366 A.2d 781, 785 (D.C.1976) (citations omitted)).

the denial of the motion for a reduction of sentence during which he informed appellant that he would not file a notice of appeal. According to appellate counsel, the trial judge, having granted the Rule 4(b)(3) motion, did not rule on appellant's alternative § 23–110 motion for resentencing. Appellate counsel represented in the pleading in this court that appellant's April 20, 1992, filing would fall within the thirty day extended filing deadline of D.C.App.R. 4(b)(3).

This case is not like *Fallen v. United States*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), where the record showed that the defendant, acting *pro se*, had given prison officials his notice of appeal before the time for appeal had expired (even as extended by the trial court by 30 additional days). *See Butler v. United States*, 388 A.2d 883, 885 (D.C.1978) (untimely *pro se* appeal may fall within an exception for the most compelling circumstances enunciated in *Fallen, supra*).[3] Although, in the instant case, appellant's *in forma pauperis* affidavit was sworn April 6, 1992, and the docketing statement that appellant submitted states, incorrectly, that his notice of appeal was filed on April 4, 1992, appellate counsel did not proceed on a *Fallen* theory. Rather, the affidavits, viewed most favorably to appellant, raise a claim of ineffective assistance of counsel rather than a *Fallen* claim: appellant had counsel, but his counsel declined to act to preserve appellant's right to appeal.

Accordingly, appellant's April 20, 1992, notice of appeal would only be timely if the Rule 35 motion for a reduction of sentence stayed the running of the time to appeal.[4] *See* D.C.App.R. 4(b). *Cf. Coleman v. Lee Washington Hauling Co.*, 388 A.2d 44, 46 (D.C.1978) (motions "in the nature of a motion under" Super.Ct.Civ.R. 50(b), 52(b), 58 or 59(a) are motions listed in D.C.App.R. 4(a), and therefore toll time to note an appeal); *Smith v. Canada*, 305 A.2d 521, 522 (D.C.1973) (motion for reconsideration under Super.Ct.Civ.R. 60(b) does not toll time to note an appeal); *In re A.B.*, 486 A.2d 1167, 1168 (D.C.1984) (in neglect proceeding motion for reconsideration tolls time for appeal). The language of Rule 4(b)(1) does not incorporate within its express terms a motion to reduce sentence under Super.Ct.Crim.R. 35 as one of the motions that would toll the time to file a notice of appeal. Nor can we reasonably view a Rule 35 motion as being "in the nature of the motions listed in" Rule 4(b), which refers only to a motions in arrest of judgment[5] or for a new trial.

The court has held that the trial court is not deprived of jurisdiction to act on a Rule 35 motion during the pendency of an appeal. *Johnson v. United States*, 513 A.2d 798, 801 (D.C.1986) (citing *King v. United States*, 271 A.2d 556, 559 (D.C.1971)). This suggests, perhaps, that an appeal from the judgment of conviction must be noted within the time set by Rule 4(b) without regard to the pendency of a motion to reduce

---

**3.** In *Butler*, the defendant filed his appeal two days after the expiration of the ten day period to note an appeal. *Id.* Although Butler was only incarcerated, unlike the defendant in *Fallen, supra*, who was imprisoned and hospitalized, Butler too was without counsel when he noted his appeal. Under those circumstances the court held that it would excuse his "tardiness of 48 hours," but emphasized that in so doing, "we extend *Fallen* to its outer limits." *Id. See also Thompson v. Immigration & Naturalization Service*, 375 U.S. 384, 387, 84 S.Ct. 397, 398–99, 11 L.Ed.2d 404 (1964) (appeal should be heard on merits given misleading statement by district court regarding timeliness of motion); *Robinson v. Evans*, 554 A.2d 332, 336 (D.C.1989) (error by court or clerk in advising party of time to appeal warrants extension if notice of appeal is timely filed after the error has been corrected).

**4.** From the denial of the February 17, 1992, motion to reduce sentence: thirty days after the order was docketed on February 19, 1992 was March 20, 1992; thirty additional days was April 20, 1992 (since April 19 is a Sunday). If the February 19th order was mailed, then appellant's appeal was due April 24, 1992.

**5.** Based on a claim that "the indictment or information does not charge an offense or ... the court was without jurisdiction of the offense charged." Super.Ct.Crim.R. 34.

The act of staying a judgment, or refusing to render judgment in an action at law and in criminal cases, after verdict, for some matter intrinsic appearing on the face of the record, which would render the judgment, if given, erroneous or reversible.

BLACK'S LAW DICTIONARY 57 (abridged 5th ed. 1983)

sentence under Super.Ct.Crim.R. 35. *See also District of Columbia v. Tschudin,* 390 A.2d 986, 988–89 (D.C.1978) (final judgments not limited to last order in a proceeding; finality exists if only "ministerial acts" are left).

Although, in filing a motion in the trial court for relief under D.C.App.R. 4(b)(3), appellate counsel apparently assumed that a Rule 35 motion would toll the time to appeal under D.C.App.R. 4(b)(2), no authority has been cited to the court for this principle.[6] In interpreting our rules the court looks for guidance to federal decisions involving identical federal rules.[7] Under FED.R.APP.P. 4, a motion to reduce sentence under FED.R.CRIM.P. 35, does not toll the time to file an appeal. *See Berman v. United States,* 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964) (time for appeal does not begin to run anew from a ruling on a Rule 35 motion); *United States v. June,* 503 F.2d 442, 444 (8th Cir.1974) (motion to modify sentence is not similar to a motion in arrest of judgment or for a new trial, and does not toll the time for appeal). *Cf. United States v. Janovich,* 688 F.2d 1227, 1228 (9th Cir.1982) (untimely motion for reconsideration does not toll time to file appeal); *Government of the Canal Zone v. Castillo,* 590 F.2d 114, 115 (5th Cir.1979) (filing of § 2255 habeas corpus petition does not toll the time for filing an appeal).

Consequently, in view of the interest in finality, *see Barnes v. United States,* 513 A.2d 249, 252 (D.C.1986) ("[t]he orderly conduct of judicial business requires that the proper time for appeal be clear and fixed"); *United States v. Robinson,* 361 U.S. 220, 230, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960) (if courts could extend filing deadline, result would be indefinite delay, "intolerable uncertainty and confusion");

*United States v. Mehrtens,* 494 F.2d 1172, 1175 (5th Cir.1974) ("drafters of Rule 35 were most interested in assuring definiteness and clear lines of demarcation so that all concerned would know exactly when the time for filing would expire"), we conclude that, absent a provision in Rule 4, or in a statute, for the tolling of the time to note an appeal upon filing a motion to reduce sentence under Super.Ct.Crim.R. 35, the provisions of Rule 4(b) control and appellant's Rule 35 motion did not toll the time for noting an appeal from the revocation of his probation and imposition of sentence on February 7, 1992.

On the other hand, appellant would be able to perfect a timely appeal from the revocation of his probation and the imposition of sentence if he was denied a Sixth Amendment right to the effective assistance of counsel when trial counsel declined to note a timely appeal, as appellant requested, of "his case." *Cf. Rodriquez v. United States,* 395 U.S. 327, 330, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969); *Thomas v. United States,* 586 A.2d 1228, 1231 (D.C. 1991) (citing *Samuels v. United States,* 435 A.2d 392, 395 (D.C.1981) (appeal from denial of a motion to vacate sentence)); *Barnes, supra,* 513 A.2d 249 (appeal from revocation of parole). Were the trial court to find that appellant timely instructed his trial counsel to file a notice of appeal from the revocation of his probation, and that trial counsel did not do so, appellant would be entitled to relief in the form of vacation of the sentence and resentencing, so as to restore his right to appeal.[8] *Little v. United States,* 438 A.2d 1264, 1267 (D.C.1981); *Samuels, supra,* 435 A.2d at 392, 395 (appropriate remedy "is for the trial court to vacate sentence and resentence [appellant]

**6.** The trial judge may have also thought that the thirty-day extension would suffice to permit appellant to note a timely appeal from the judgment of February 7, 1992, since the judge did not rule on appellant's alternative § 23–110 motion.

**7.** *See Leeper v. United States,* 579 A.2d 695, 697 (D.C.1990); *Bulls v. United States,* 490 A.2d 197, 200 n. 11 (D.C.1985).

**8.** The trial judge would, of course, have to determine whether appellant's instruction to his trial

counsel that he wanted "to appeal my case" meant that he wanted to appeal the denial of the motion to reduce sentence or that he wanted to appeal the revocation of his probation and the imposition of sentence, or both. Appellant's brief on appeal with regard to the merits makes clear that he is only challenging, as his *pro se* notice of appeal of April 20, 1992, stated, the February 7, 1992, order of revocation and sentence of four to twelve years.

in order to permit a timely appeal") (citations omitted). *Cf. Hines v. United States,* 237 A.2d 827, 829 (D.C.1968); *Thomas, supra,* 586 A.2d at 1231 n. 8. Appellate counsel has advised in a supplemental pleading in this court that the trial judge did not rule on alternative relief sought under a § 23–110 motion.

Accordingly, we dismiss the appeal as untimely filed without prejudice to appellant's renewal in the trial court of his claim of ineffective assistance of trial counsel for failure to note a timely appeal as requested by appellant.