**Aquilla STURGIS, Applicant,**

v.

**David M. KANTER, d/b/a Theodore's Contemporary Furniture, Respondent.**

**No. 99–DA–7.**

District of Columbia Court of Appeals.

May 13, 1999.

Before FARRELL, Associate Judge, and MACK and BELSON, Senior Judges.

PER CURIAM:

Applicant filed a Statement of Claim against respondent in the Small Claims Branch of the Superior Court. The case was tried before Commissioner Harnett, who found in favor of respondent. In an order filed January 28, 1999, Superior Court Judge Lopez affirmed the Commissioner's decision. On March 19, 1999, applicant filed an application for allowance of appeal from the January 28 order. Since it appeared that the application was untimely under D.C.Code § 17–307(b) (1997) and D.C.App. R. 6(a),[1] this court, by single-judge order, directed applicant to show cause why the application should not be denied as untimely filed. Applicant filed a response stating that she was unfamiliar with the court's rules, but that she had a meritorious case.

■ Because the Superior Court order was entered outside the presence of the parties and the period of time prescribed by D.C.App. R. 6(a) is less than seven days, a timely application for allowance of appeal

---

1. Both the statute and the rule require that an application for allowance of appeal be filed "within three days from the date of judgment."

should have been filed by February 9, 1999. The application was not filed until March 19. In the context of an appeal as of right, either criminal or civil, this court has long held that the noting of a timely appeal is jurisdictional. *See, e.g., Jackson v. United States,* 626 A.2d 878, 879 (D.C.1993); *In re C.I.T.,* 369 A.2d 171, 172 (D.C.1977). We have never expressly held the same with respect to the filing of an application for leave to appeal, although we have implied it. *See In re Kane,* 422 A.2d 995, 996 (D.C.1980) (dismissing appeal as untimely, where applicant mistakenly filed notice of appeal—"not an adequate substitute for an application for the allowance of an appeal"). We now hold explicitly that the time for filing an application for leave to appeal is jurisdictional and may not be extended. *See* D.C.App. R. 26(b) ("The court shall not enlarge the time for ... doing any act when the time for doing the act has been prescribed by statute.").

██ At first glance this seems harsh given the greatly abbreviated period (three days) within which the application must be filed. But it is not so when one considers (a) the limited grounds upon which this court (or, more precisely, one judge of a three-judge panel, D.C.App. R. 6(d)) may grant leave to appeal,[2] and (b) the related fact that the applicant has already obtained review—as of right—of the Commissioner's decision by a judge of the Superior Court. *See* Super. Ct. Civ. R. 73(b).[3]

The application for allowance of appeal is, therefore, denied for lack of jurisdiction.

*So ordered.*

---

2. "A losing party in a small claims action is not entitled to appeal as a matter of right. This court usually grants [applications for leave to appeal], however, where [the applicant] states grounds showing apparent error or a question of law, which has not been but should be decided by this court." *Karath v. Generalis,* 277 A.2d 650, 651 (D.C.1971) (citation omitted).

3. If it does not already do so, the Small Claims Branch may wish to consider including mention of the abbreviated appeal period in any written materials it furnishes to litigants.