Dione A. WASHINGTON, Appellant,

v.

UNITED STATES, Appellee.

No. 08–CO–1417.

District of Columbia Court of Appeals.

Submitted Oct. 21, 2010.

Decided Nov. 18, 2010.

Steven R. Kiersh, Washington, DC, appointed by the court, for appellant.

Ronald C. Machen Jr., United States Attorney, and Roy W. McLeese III, Mary B. McCord, and Lauren R. Bates, Assistant United States Attorneys, for appellee.

Before KRAMER, FISHER, and THOMPSON, Associate Judges.

FISHER, Associate Judge:

Appellant Dione Washington argues that the trial court erred when it revoked his probation upon learning that he had been convicted for criminal conduct that occurred before his probation began. Because the court knew those charges were pending at the time it imposed probation, we agree with appellant's argument and reverse.

## I. Background

Appellant was arrested for acts occurring on July 24, 2007, and pled guilty on December 10, 2007, to the misdemeanor offenses of carrying a pistol without a license, possession of an unregistered firearm, and unlawful possession of ammunition. At that time, the prosecutor informed the trial court that appellant was under investigation by a grand jury for "Murder II while armed" based on conduct that occurred on June 2, 2007, and the court decided to defer sentencing to "trail the other case." However, after continuing the matter until March 19, 2008, and learning that the investigation was still pending, the trial court decided to proceed with sentencing. Appellant received three consecutive terms of one year of incarceration. All of that sentence was suspended, except for time served and two additional months' imprisonment, and the trial court imposed one year of supervised probation. The trial court did not in any way suggest that appellant's probationary sentence was conditioned on the outcome of the pending investigation.

Appellant was later found guilty of crimes arising from his conduct on June 2, 2007, including carrying a pistol without a license, possession of an unregistered firearm, unlawful possession of ammunition, assault with a dangerous weapon, and two counts of possession of a firearm during a crime of violence; he was sentenced for those offenses on October 17, 2008. A probation officer then reported these new convictions, suggesting that appellant had violated a condition of his probation by "fail[ing] to obey all laws." On October 29, 2008, the trial court revoked appellant's probation and sentenced him to three consecutive terms of twelve months' incarceration, stating that:

> The issue here is that there is a conviction and sentencing on events that took place prior to Mr. Washington having been placed on probation.... The court could not have known that [the pending] matter would resolve in the way that it did and so, essentially what the court did was to give [the defendant] the benefit of the doubt.... The court does find that revocation is appropriate here. Had the [other] matter ... been resolved prior to the arrest and sentencing in the instant case [the defendant] would simply not have even been considered as a candidate for probation.... It should be noted that the judgment in the [other matter] was entered following Mr. Washington's placement on probation ... and it is the judgment in that case that the court finds violative of Mr. Washington's probation.

## II. Analysis

■ "[T]he two primary goals of probation" are rehabilitation of the convict and protection of society from future criminal violations. *United States v. Knights*, 534

U.S. 112, 119, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001). To serve these goals, probation officers are required to make reports "to the end that the court may be at all times fully informed of the circumstances and conduct of probationers." D.C.Code § 24–303 (2001).

■■■ Recognizing the purposes of probation, we have noted that "[a] probation revocation proceeding is not a criminal prosecution; rather, it is more in the nature of an administrative hearing intimately concerned with the probationer's rehabilitation." *Short v. United States,* 366 A.2d 781, 785 (D.C.1976) (citations omitted). "The decision whether to grant or revoke probation is a matter committed to the sound discretion of the sentencing court." *Smith v. United States,* 474 A.2d 1271, 1274 (D.C.1983) (citations omitted). In making that determination, the sentencing court "must balance the competing interests of the community in safety with the rehabilitative goals of probation." *Id.* (citation and internal quotation marks omitted). However, "[t]he threshold determination whether a probationer violated a condition of probation ... is not discretionary; it is instead a mixed question of fact (primarily, what actions did the probationer take?) and of law (did these actions constitute a violation of the probationary conditions?)." *Resper v. United States,* 527 A.2d 1257, 1260 (D.C.1987) (footnote omitted).

■■■ D.C.Code § 24–304(a) (2001) provides, in relevant part:

At any time during the probationary term the court may modify the terms and conditions of the order of probation, or may terminate such probation, when in the opinion of the court the ends of justice shall require, and when the probation is so terminated ... the court may revoke the order of probation and cause the rearrest of the probationer and impose a sentence....

Although the government correctly notes that § 24–304(a) is "a broad grant of authority" to the trial court to terminate and revoke probation, *Brown v. United States,* 900 A.2d 184, 188 (D.C.2006), that authority has limits. This court has recognized that a probationer's Fifth Amendment right to due process requires that revocation be based on a showing that the probationer has " 'acted in violation of one or more conditions' of his probation." *Carradine v. United States,* 420 A.2d 1385, 1391 (D.C.1980) (quoting *Gagnon v. Scarpelli,* 411 U.S. 778, 784, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). "[P]robation may not be revoked in the absence of a threshold determination that there has been a 'violation' of the express conditions of probation, or of a condition so clearly implied that a probationer, in fairness, can be said to have notice of it." *Id.* at 1389 (footnote omitted).[1] "In effect, the loss of probation must have been a foreseeable consequence of the probationer's actions." *Resper,* 527 A.2d at 1260 (citations omitted).

This "foreseeable consequence" principle, which requires that the probationer "have acted, or failed to act, in a way that foreseeably could result in revocation," comports with both the requirements of due process and the rehabilitative purposes of probation. *Carradine,* 420 A.2d at 1390 (citing *Douglas v. Buder,* 412 U.S. 430, 432, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973)). Except in circumstances not presented by this case, in which a defendant

---

1. "[T]here is implied within every grant of probation a condition that the probationer not violate the law *while on probation.*" *Carradine,* 420 A.2d at 1389 n. 9 (emphasis added) (quoting *Wright v. United States,* 315 A.2d 839, 842 n. 7 (D.C.1974)) (internal quotation marks omitted).

makes misrepresentations or fraudulently conceals information from the trial court in connection with sentencing,[2] a defendant can only engage in conduct triggering such a "foreseeable consequence" after he is sentenced. At that time he is given notice of the conditions of his probation and the term of probation begins. *Id.* at 1389; *see Williams v. United States,* 832 A.2d 158, 160 n. 3 (D.C.2003) ("[F]or purposes of *revocation* of probation, probation is deemed to have begun on the date of sentencing even if service of the probation has not begun." (citations omitted)).

The government argues that "a violation of a term or condition of probation is not always a necessary predicate to revocation," pointing to cases of fraudulent concealment such as *Jones,* discussed *supra* note 2. The point is well-taken, but it does not assist us here because the government does not allege that appellant willfully misled the trial court in this case. Of more interest is the government's reference to cases in which courts purportedly have upheld revocation based solely on "new information or a change of circumstances." Although there is broad dictum in these cases, the holding of the case on which the government principally relies turns on "fraudulent concealment of [the defendant's] continuing criminal conduct" and the "new and significant" information that "[the defendant], after sentence was imposed, continued to embezzle from the em-

ployer who vouched for him at the sentencing hearing." *United States v. Jurgens,* 626 F.2d 142, 144–45 & n. 1 (9th Cir.1980). The other cases cited by the government do not support the ruling of the trial court in this case.[3]

Here, of course, the trial court was fully aware of the allegations about appellant's prior conduct. If it wished to give appellant "the benefit of the doubt," but preserve its option to take the outcome of the pending investigation into account, it should have deferred sentencing until the grand jury investigation was concluded and any resulting charges were adjudicated.

■ We do not doubt that the conduct underlying appellant's new convictions is relevant to his suitability for probation. But that conduct occurred before probation was granted. Losing at trial (or even pleading guilty to criminal charges) is not the same thing as violating the law. In other words, it is the criminal conduct, not the adjudication of guilt, that would constitute a violation of probation. Other jurisdictions have reached a similar conclusion. *See, e.g., United States v. Drinkall,* 749 F.2d 20, 21 (8th Cir.1984) ("[T]he court may not revoke [the defendant's] probation based solely on unlawful conduct of which it or the government was aware at the time of sentencing."); *Patuxent Inst. Bd. of Review v. Hancock,* 329 Md. 556, 620 A.2d 917, 927 (1993) ("Revocation of proba-

**2.** The government makes no allegation that this is the exceptional case of fraudulent concealment, which might compel a different result. *See, e.g., Jones v. United States,* 401 A.2d 473, 478 (D.C.1979) (finding no abuse of discretion in revocation of defendant's probation after defendant "willfully misled the court and the probation office" by failing to mention outstanding criminal charges in response to probation counselor's direct questioning).

**3.** *See United States v. Wickenhauser,* 710 F.2d 486, 487 (8th Cir.1983) (citing *Jurgens* in dic-

tum for proposition that probation may be revoked "based upon new information or a change of circumstances," but declining defendant's own request that his probation be revoked); *Trueblood Longknife v. United States,* 381 F.2d 17, 20 (9th Cir.1967) (finding no abuse of discretion in revocation of probation based on defendant's "efforts to knowingly and fraudulently conceal" his prior bankruptcy and use of an alias from trial court and probation office).

tion ... must be based on conduct occurring subsequent to the grant of probation, but prior to its expiration." (citation omitted)); *State v. Ballensky*, 586 N.W.2d 163, 167 (N.D.1998) ("Revoking probation for conduct committed prior to the sentence to probation does not serve the rehabilitative purpose of probation and is contrary to law.").

### III. Conclusion

The record does not support the trial court's finding that appellant violated a condition of his probation. The judgment of the Superior Court is hereby reversed, and this case is remanded with instructions to reinstate the sentence of probation.

*So ordered.*