**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Maximo DIAZ–BURGOS,**
**Defendant-Appellant.**

No. 78–3279.

United States Court of Appeals,
Ninth Circuit.

May 2, 1979.

Paul Mike Goorjian, Frank J. McCabe, Goorjian & McCabe, San Francisco, Cal., for defendant-appellant.

Joseph M. Burton, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before BROWNING and HUFSTED-LER, Circuit Judges, and BARTELS,* District Judge.

PER CURIAM:

On April 7, 1975, appellant Diaz-Burgos pleaded guilty to an indictment of knowingly and illegally re-entering the United States after having previously been deported on May 13, 1975. He was sentenced by Judge Orrick of the Northern District of California to two years in prison with confinement for 60 days, the execution of the remainder of the sentence being suspended during which period he was placed on probation. While on probation he again illegally entered the United States and was arrested by United States Immigration and Naturalization Service officials on August 22, 1978. Following a brief probation hearing, the trial judge revoked the probation of Diaz-Burgos and remanded him to the custody of the Attorney General to serve the full term of his previously suspended sentence, a period of one year and ten months. At this hearing the violation of probation by illegal entry into the United States became obvious, if not actually admitted by appellant's counsel, whereupon the trial court refused to hear any testimony or witnesses on appellant's behalf or to permit a full explanation by his attorney.

Appellant now appeals primarily upon the ground that the revocation violated his constitutional right to due process. At the outset, we do not agree with his contention that it was necessary to provide him with a preliminary probable cause

* The Honorable John R. Bartels, United States District Judge for the Eastern District of New York, sitting by designation.

hearing as was required in *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973), because appellant was already in custody at the time of the revocation proceeding by reason of a second re-entry prosecution. *See United States v. Companion,* 545 F.2d 308, 312–13 (2d Cir. 1976); *United States v. Tucker,* 524 F.2d 77, 78 (5th Cir. 1975) (*per curiam*), *cert. denied,* 424 U.S. 966, 96 S.Ct. 1462, 47 L.Ed.2d 733 (1976); *Thomas v. United States,* 391 F.Supp. 202, 204 (W.D.Pa.1975); *see also Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Gerstein v. Pugh,* 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54 (1975). Nor do we agree with appellant's contention that the evidence adduced at the revocation hearing was insufficient to establish a violation of the conditions of his probation. *See United States v. Lustig,* 555 F.2d 751, 753 (9th Cir. 1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 795 (1978); *United States v. Marron,* 564 F.2d 867, 871 (9th Cir. 1977); *United States v. Carrion,* 457 F.2d 808, 809 (9th Cir. 1972) (*per curiam*); *United States v. Francischine,* 512 F.2d 827, 829 (5th Cir.), *cert. denied,* 423 U.S. 931, 96 S.Ct. 284, 46 L.Ed.2d 261 (1975).

The refusal, however, by the district court to hear appellant's explanation of or evidence concerning the events surrounding the violation presents an entirely different problem. At the hearing appellant's counsel offered to present evidence of mitigating or extenuating circumstances through witnesses, even under threat of contempt of court, but the trial court refused him the opportunity to do so. It is not enough that a violation of probation conditions has been admitted or established at a hearing. A further and equally important step is necessary to determine whether such a violation warrants revocation and, if so, what sentence shall be imposed. *Gagnon v. Scarpelli,* 411 U.S. at 786–87, 93 S.Ct. at 1761–62; *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2603–04, 33 L.Ed.2d 484 (1972).[1] As enunciated by the United States Supreme Court in *Morrissey,* "[t]he parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Id.* This court has previously reiterated the *Morrissey* principle in *United States v. Segal,* 549 F.2d 1293, 1298 (9th Cir.), *cert. denied,* 431 U.S. 919, 97 S.Ct. 2187, 53 L.Ed.2d 231 (1977), where it stated:

[A]dmissions of probation violations do not end the controversy. The judge must still decide the more difficult issue whether the violations warrant revocation of probation. This involves predictive and discretionary considerations in addition to factual inquiries. Moreover, the probationer is allowed to present evidence in mitigation of the violations. *See Morrissey v. Brewer, supra,* 408 U.S. at 480, 488, 92 S.Ct. 2593. Thus, admissions of probation violations, unlike guilty pleas, do not automatically trigger sentencing.

We conclude, therefore, that imposition of the severest sanction—the full length of the previously suspended sentence—by the dis-

1. *See also* Proposed Rules 32(f)(2) of the Federal Rules of Criminal Procedure, which provides:

(f) REVOCATION OF PROBATION.
* * *
(2) Revocation Hearing. The revocation hearing, unless waived by the probationer, shall be held within a reasonable time before the judge or United States magistrate of the district of probation jurisdiction. The probationer shall be given

(A) written notice of the alleged violation of probation;
(B) disclosure of the evidence against him;
(C) an opportunity to appear and to present evidence in his own behalf;

(D) the opportunity to question witnesses against him unless, for good cause, the federal magistrate decides that justice does not require the appearance of the witness; and
(E) notice of his right to request counsel.
* * *
*Preliminary Draft of Proposed Amendments to the Federal Rules of Criminal Procedure, Rules Governing Section 2254 Cases in the United States District Courts, Rules Governing Section 2255 Proceedings for the United States District Courts, and Federal Rules of Evidence,* Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, at 40–41 (Feb. 1978).

trict court, without allowing appellant opportunity to prove relevant mitigating facts, constituted an abuse of discretion in violation of his constitutional right to due process.

This case is accordingly remanded for a full hearing, at which appellant must be permitted to present witnesses and evidence in mitigation of the violation and to argue in support of a lesser punishment than his full suspended sentence. Since there is no indication of personal bias on the part of the district judge, we consider appellant's request that the remand be to a different district judge unwarranted, and it is therefore denied.

REVERSED AND REMANDED.