COMMONWEALTH *vs.* EVA M. OLSEN.

Worcester. April 3, 1989. — August 7, 1989.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Criminal,* Revocation of probation. *Constitutional Law,* Search and seizure.

A judge may properly revoke a criminal defendant's probation on the basis of the same evidence that in other criminal proceedings was suppressed as unlawfully seized. [493-496]

COMPLAINT received and sworn to in the Westborough Division of the District Court Department on July 4, 1986.

A proceeding for revocation of probation was heard by *William F. Brewin,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Nathaniel D. Pitnof* for the defendant.

*Judy G. Zeprun,* Assistant Attorney General, for the Commonwealth.

ABRAMS, J. The sole issue on appeal is whether evidence seized in violation of the Fourth Amendment to the Constitution of the United States and art. 14 of the Massachusetts Declaration of Rights should be excluded from a proceeding to revoke probation. We transferred the appeal to this court on our own motion. We conclude, as do a majority of jurisdictions that have considered the issue, that, where the police who unlawfully obtained the evidence neither knew nor had reason to know of the probationary status of the person whose property was seized, the evidence is admissible in a proceeding to revoke probation.

While on probation for prior drug-related convictions in the Westborough Division of the District Court Department, Eva M. Olsen was arraigned on three new drug-related indictments in the Superior Court in Worcester County. A District Court judge held a surrender hearing on the same day the indictments

were returned. A police officer testified that drugs and
paraphernalia were seized from Olsen's home pursuant to a
search warrant. Olsen indicated her intention to file a motion
to suppress that evidence in the trial on the new indictments.[1]
The judge found that Olsen had violated the terms of her
probation but continued the disposition of the matter.

At trial, the judge allowed Olsen's motion to suppress all
the evidence.[2] The Commonwealth informed the judge that it
would not appeal the suppression and that it had no other
evidence with which to convict the defendant. The judge dis-
missed all three indictments with prejudice. On the same after-
noon, Olsen's probation in the District Court was revoked on
the basis of the same evidence that the trial judge had sup-
pressed.

Olsen concedes that the majority of jurisdictions, including
the Federal courts, that have considered the question have
decided that the exclusionary rule does not apply to probation
revocation proceedings. The reasons for not excluding the evi-
dence in a probation proceeding based on violation of the
Fourth Amendment are the same as those based on the Fifth
Amendment. See *Commonwealth* v. *Vincente*, *ante* 278 (1989).
Olsen argues, however, that art. 14 may provide broader pro-
tection to probationers than the United States Constitution. See
*Commonwealth* v. *Fini*, 403 Mass. 567, 570 (1988). Olsen
urges us to join the minority of States in extending the exclu-
sionary rule to probation revocation proceedings as a matter
of State law.[3]

---

[1] The Commonwealth argues that Olsen's failure to move to suppress the
evidence at the surrender hearing constituted a waiver of the issue. However,
the record shows that she raised the issue and asserted her belief that the
evidence was inadmissible at the surrender hearing. We assume for purposes
of this appeal that her actions were adequate to preserve the issue.

[2] The reason for suppression does not appear in the record. The record
reveals that the officer knew of Olsen's arrest but not of her probationary
status.

[3] See *Adams* v. *State*, 153 Ga. App. 41 (1980); *Amiss* v. *State*, 135 Ga.
App. 784 (1975); *State* v. *Burkholder*, 12 Ohio St. 3d 205, cert. denied,
469 U.S. 1062 (1984); *Michaud* v. *State*, 505 P.2d 1399 (Okla. Crim. App.
1973); *Rushing* v. *State*, 500 S.W.2d 667 (Tex. Crim. App. 1973).

In Federal law and in most jurisdictions, the exclusionary rule does not apply as a matter of course to probation revocation proceedings because the "application of the exclusionary rule is restricted to those areas where its remedial objectives are thought most efficaciously served." See *Commonwealth* v. *Vincente, supra* at 280, quoting *United States* v. *Calandra*, 414 U.S. 338, 348 (1974). Accord *United States* v. *Bazzano*, 712 F.2d 826, 832-833 (3d Cir. 1983), cert. denied sub nom. *Mollica* v. *United States*, 465 U.S. 1078 (1984); *United States* v. *Winsett*, 518 F.2d 51, 53-54 (9th Cir. 1975); *People* v. *Rafter*, 41 Cal. App. 3d 557 (1974); *Payne* v. *Robinson*, 207 Conn. 565, cert. denied,     U.S.     (1988) (109 S. Ct. 242 [1988]); *People* v. *Dowery*, 62 Ill. 2d 200 (1975); *Dulin* v. *State*, 169 Ind. App. 211 (1976); *State* v. *Caron*, 334 A.2d 495 (Me. 1975); *Chase* v. *State*, 309 Md. 224 (1987); *State* v. *Thorsness*, 165 Mont. 321 (1974). See also Annot., 77 A.L.R.3d 636 (1977 & 1988 Supp.). The Supreme Court's dictum in *Wong Sun* v. *United States*, 371 U.S. 471, 485 (1963), to the effect that such evidence "shall not be used at all," clearly does not apply to every kind of forum and proceeding under Federal law nor under the law of most States. See *United States* v. *Calandra, supra*; *Commonwealth* v. *Vincente, supra*; and cases cited, *supra*.

A probation revocation proceeding is not a criminal trial. *Gagnon* v. *Scarpelli*, 411 U.S. 778, 782 (1973). See *Morrissey* v. *Brewer*, 408 U.S. 471, 480 (1972).[4] The probationer already has been convicted of a crime at a trial. He or she enjoys "only . . . conditional liberty . . . dependent on observance of special parole restrictions." *Morrissey, supra* at 480. *United States* v. *Basso*, 632 F.2d 1007, 1013 (2d Cir. 1980). Probation is granted with the hope that the probationer will be able to rehabilitate himself or herself under the supervision of the probation officer. "Evidence that a probationer is not complying

---

[4] *Morrissey* concerned revocation of parole. *Gagnon* expressly equated the due process requirements, applicable to proceedings for revocation of parole, with those applicable to proceedings for revocation of probation, stating that neither is "a stage of a criminal prosecution, but [both do] result in a loss of liberty." *Gagnon, supra* at 782. Cf. *Commonwealth* v. *Sawicki*, 369 Mass. 377, 380 (1975).

with the conditions of probation may indicate that he or she has not been rehabilitated and continues to pose a threat to the public." *Commonwealth* v. *Vincente, supra* at 280. Accordingly, "the State has an overwhelming interest in being able to return an individual to imprisonment without the burden of a new adversary criminal trial if in fact [the probationer] has failed to abide by the conditions of his [or her probation]." *Morrissey, supra* at 483.

We weigh this overwhelming State interest in admitting all reliable evidence against the deterrent purpose of the exclusionary rule. Most courts have concluded, and we agree, that a police officer's "zone of primary interest" is in gathering evidence with which to convict a defendant of crime. *Bazzano, supra* at 832, quoting *United States* v. *Janis*, 428 U.S. 433, 458 (1976). Thus, it is at a criminal trial that the exclusionary rule's "remedial objectives are . . . most efficaciously served." *Calandra, supra* at 348. Exclusion of such evidence from a probation revocation hearing, however, would provide at most only marginal additional deterrence against police misconduct. See cases cited, *supra*. As one commentator has stated: "[I]t cannot realistically be supposed that a police officer, no matter how venal he [or she] may be, will refrain from obeying the law, thereby losing vital case-in-chief evidence, in the vain hope that in exchange he [or she] may obtain evidence which can only be used 'should it subsequently appear that the victim of such conduct was a [probationer]'" (footnotes omitted). Cole, The Exclusionary Rule in Probation and Parole Revocation Proceedings: Some Observations on Deterrence and the "Imperative of Judicial Integrity," 52 Chi.-Kent L. Rev. 21, 36-37 (1975), quoted in *Chase* v. *State, supra* at 253. When the police officers involved in the illegal search and seizure neither know nor have reason to know of the search victim's status as probationer, the deterrent value of excluding the evidence from a probation revocation proceeding is absent. *Winsett, supra* at 54 & n.5. *Payne* v. *Robinson, supra* at 571. Cf. *State* v. *Shirley*, 117 Ariz. 105 (1977) (exclusionary rule applies when officers conducting illegal search and seizure knew of probationer's status).

Olsen argues, however, that concern for judicial integrity precludes the use of illegally obtained evidence in any court proceeding whatsoever. See *Elkins* v. *United States*, 364 U.S. 206, 222-223 (1960). It does not appear that any of the cases in which illegally obtained evidence was held inadmissible to revoke probation explicitly relied on a concern for judicial integrity. See *United States* v. *Rea*, 678 F.2d 382 (2d Cir. 1982); *United States* v. *Workman*, 585 F.2d 1205 (4th Cir. 1978);[5] *State* v. *Shirley*, *supra*; *State* v. *Dodd*, 396 So. 2d 1205 (Fla. Dist. Ct. App. 1981), aff'd, 419 So. 2d 333 (Fla. 1982); *Ray* v. *State*, 387 So. 2d 995 (Fla. Dist. Ct. App. 1980); *Adams* v. *State*, 153 Ga. App. 41 (1980); *Amiss* v. *State*, 135 Ga. App. 784 (1975); *State* v. *Burkholder*, 12 Ohio St. 3d 205, cert. denied, 469 U.S. 1062 (1984); *Michaud* v. *State*, 505 P.2d 1399 (Okla. Crim. App. 1973); *Rushing* v. *State*, 500 S.W.2d 667 (Tex. Crim. App. 1973). A few dissenting opinions decry the use of illegally obtained evidence in any proceeding as a matter of judicial integrity. See, e.g., *Bazzano*, *supra* at 846 (Gibbons, J., dissenting); *United States* v. *Hill*, 447 F.2d 817, 819 (7th Cir. 1971) (Fairchild, J., dissenting); *Dowery*, *supra* at 208-210 (Goldenhersh, J., dissenting); *Caron*, *supra* at 505-506 (Dufresne, C.J., dissenting). We believe, in the circumstances of this case, the imperative of judicial integrity is adequately served by the exclusion of illegally obtained evidence at trial.

Our decision in *Commonwealth* v. *Fini*, *supra*, is not to the contrary. In *Fini*, we concluded that evidence obtained through illegal electronic eavesdropping in a private home is inadmissible, under art. 14 of the Declaration of Rights, to impeach a defendant's testimony at trial. See *Commonwealth* v. *Blood*, 400 Mass. 61, 68-71 (1987) (evidence derived from illegal electronic surveillance inadmissible in Commonwealth's case-in-chief). We stated in *Fini*, *supra* at 573, that "half measures of deterrence are not enough," and that "the exclusion of such [illegally obtained] evidence for all purposes will act as a still

---

[5] Both *Rea* and *Workman* involved warrantless searches by probation officers. See *Commonwealth* v. *LaFrance*, 402 Mass. 789 (1988).

further deterrent." Despite our broad language, it is clear that we were referring to "all purposes" at trial. In the next sentence, we stated: "Such a rule would tend to discourage the gathering of such evidence based on the hope that it will reach the jury in one way if not in another." *Id.* All that was before us in *Fini* was the use of electronic eavesdropping evidence at trial; we did not decide any other issue.

We note that this case does not involve egregious police conduct, *Thompson* v. *United States*, 444 A.2d 972 (D.C. 1982), or conduct that "shock[s] the conscience." *In re Martinez*, 1 Cal. 3d 641, 649-652 (1970). Our decision should not be taken as an invitation to harassment. *People* v. *Watson*, 69 Ill. App. 3d 487 (1979). *Dulin* v. *State*, 169 Ind. App. 211 (1976). We expressly leave open the question whether the police officer's knowledge of the probationer's status would compel a different result. See *Payne* v. *Robinson*, 207 Conn. 565, 573 (1988); and compare *State* v. *Caron*, 334 A.2d 495, 502 (Me. 1975) (Dufresne, C.J., dissenting).

Our decision protects the availability of probation for offenders. If we were to exclude that evidence from probation revocation hearings, there might be a disinclination to order probation in the first place. See *People* v. *Dowery*, 20 Ill. App. 3d 738, aff'd, 62 Ill. 2d 200 (1974); *State* v. *Kuhn*, 7 Wash. App. 190, aff'd, 81 Wash. 2d 648 (1972). Our decision today also protects the public interest in having access to all reliable evidence relevant to the probationer's conduct and rehabilitation. *Commonwealth* v. *Vincente, supra.*

*Order revoking probation affirmed.*