COMMONWEALTH *vs.* PETER G. MARVIN, THIRD.

Middlesex. December 6, 1993. - March 14, 1994.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Practice, Criminal*, Probation, Argument by counsel. *Due Process of Law*, Probation revocation.

This court declined to rule that the failure to grant final argument in a probation revocation hearing is per se a violation of a probationer's constitutional right to due process of law. [294-295]

This court declined to consider the constitutional issue whether a judge's refusal to allow a probationer or his counsel to make final argument at a probation revocation proceeding denied the probationer due process, where the defendant could have raised and argued another dispositive issue based on the judge's error, which was not of constitutional scope, but did not do so. [295] LIACOS, C.J., dissenting.

INDICTMENTS found and returned in the Superior Court Department on February 23, 1989.

A proceeding for revocation of probation was heard by *John L. Murphy, Jr.*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Nona E. Walker*, Committee for Public Counsel Services, for the defendant.

*David R. Marks*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant's appeal, which we transferred here on our own motion, raises a single question arising from a judge's denial of the defendant's request that he be permitted to present a closing argument at his probation revocation hearing. The claim is that the denial violated the defendant's right to due process of law under the Fourteenth Amendment

to the Constitution of the United States and art. 12 of the Massachusetts Declaration of Rights.

The Sixth Amendment right to counsel includes a defendant's right to make a closing argument in a criminal trial. See *Herring* v. *New York*, 422 U.S. 853, 862-863 (1975); *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 12-13 (1986). Perhaps because a probationer in a revocation hearing does not have the full range of constitutional rights applicable in a criminal trial (see *Gagnon* v. *Scarpelli*, 411 U.S. 778, 782 [1973]; *Commonwealth* v. *Durling*, 407 Mass. 108, 112 [1990]), the defendant does not argue here that the denial of his request to make a closing argument violated either his State or his Federal constitutional right to counsel. See also *Williams* v. *Commonwealth*, 350 Mass. 732, 736-737 (1966), concerning a court rule requirement that counsel be appointed for an indigent defendant in a probation revocation matter.

In the summer of 1989, the defendant was convicted of various charges and received concurrent sentences of incarceration, twenty-four months to be served, and the balance of each sentence suspended with probation for five years. Based on the issuance on September 28, 1992, of a restraining order against the defendant under G. L. c. 209A (1992 ed.), a notice of surrender was issued to the defendant on February 4, 1993. A Superior Court judge held a final probation revocation hearing on February 23, 1993, and ordered the defendant's probation revoked.

The testimony before the judge warranted the conclusion that the defendant had violated the conditions of his probation and justified the entry of an order revoking the defendant's probation. Although the judge failed to make findings of fact or to state the reasons for his conclusions, the defendant does not challenge those omissions on appeal.[1]

---

[1] The judge's failure to make findings of fact and to set forth his reasons for revoking probation was error. See *Gagnon* v. *Scarpelli*, 411 U.S. 778, 786 (1973); *Morrissey* v. *Brewer*, 408 U.S. 471, 489 (1972); *Fay* v. *Commonwealth*, 379 Mass. 498, 504-505 (1980). The defendant filed a request

The testimony of the defendant's wife indicated, among other things, that in February, 1992, the defendant beat her so badly that she had to be treated at a hospital; in April, 1992, she received seven stitches as a result of the defendant's punching her; in May, 1992, the defendant threw his stepson's hamster against a wall, killing it; in August, 1992, he broke the neck of the family's pet rabbit and bit his wife's leg, leaving marks still visible at the time of the probation revocation hearing; in September, 1992, his wife had to go to a hospital because of his violent acts; and on the day before the G. L. c. 209A order was entered, the defendant chased his wife out of their house, saying, "I am going to bury you in the ground."

At the conclusion of the testimony, counsel for the defendant said that he would like to make an argument on behalf of his client. The judge replied, "There are no arguments." Defense counsel objected and pressed the point that the defendant would like to be heard before the judge made a decision, but the matter proceeded with the entry of orders that the sentences previously imposed be executed.

The defendant could have argued to us that the judge erred in not making written findings of fact and in not setting forth his reasons for the revocation of probation. See note 1 above. If the defendant had done so and had pressed his rights, he could have discovered whether the judge erred because of a mistaken belief that the defendant was before him for violating a restraining order.[2] There is reason to believe from statements of the judge during the hearing that he may have thought that probation revocation was proposed

for findings and reasons on March 2, 1993, but no action was taken on the request.

As we shall explain, the defendant's failure to press this point is the most significant factor influencing our conclusion that we need not decide whether the defendant's due process rights were violated because of special circumstances in this case.

[2]The order was issued after the violent events set forth above in this opinion.

because the defendant had violated a court order.[3] Allowing defense counsel to present a final argument might have eliminated any uncertainty on this point. On the other hand, the defendant could have protected his rights by requesting written findings and reasons (as he did), pressing for action on his request, and appealing from any failure of the judge to act on the request.

We are aware of no authority that says that the failure to grant final argument in a probation revocation hearing is a violation of a probationer's constitutional right to due process of law. Cf. *Ruedas* v. *State*, 586 S.W.2d 520, 523-524 (Tex. Crim. App. 1979) (refusal to allow closing argument in probation revocation proceeding violates State constitutional right to counsel). The requirements of due process in these circumstances are flexible. See *Black* v. *Romano*, 471 U.S. 606, 613 (1985) ("our precedents have sought to preserve the flexible, informal nature of the revocation hearing, which does not require the full panoply of procedural safeguards associated with a criminal trial"); *Commonwealth* v. *Durling*, 407 Mass. 108, 113-114 (1990). "The written statement required by [*Gagnon* v. *Scarpelli*, 411 U.S. 778 (1973)] and [*Morrissey* v. *Brewer*, 408 U.S. 471 (1972)] helps to insure accurate factfinding with respect to any al-

---

[3]In the midst of the recross-examination of the defendant's supervising probation officer, the following occurred:

DEFENSE COUNSEL: "And there's no criminal sanctions imposed for having a restraining order issued against you; is there . . . ?"

THE WITNESS: "In this case — "

THE JUDGE: "A violation of a 209 [*sic*] order is a criminal offense."

DEFENSE COUNSEL: "We're not talking about a violation here, Judge. We're talking about the — "

THE JUDGE: "Do you have any other questions?"

DEFENSE COUNSEL: "We're talking about the issuance."

THE JUDGE: "You're not going to talk about that any more. The violation of a 209 [*sic*] order — "

DEFENSE COUNSEL: "It's not a violation. That's not — "

"Was the violation of the restraining order the basis for your surrender?"

THE JUDGE: "Counsel, now you keep your mouth shut for a minute. A violation of a 209 [*sic*] order is a criminal offense. The 209 [*sic*] order, the issuance, is a civil matter."

leged violation and provides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence." *Black* v. *Romano, supra* at 613-614. We decline to impose a universal due process requirement that a defendant in a probation revocation hearing has an absolute right to make a closing argument. Of course, better practice would permit such a defendant to present at least a brief closing argument.

We also decline to answer the question whether on the specific facts of this case there was a denial of due process because no final argument was allowed. It is apparent that the judge believed enough of the wife's testimony to revoke the defendant's probation. It is doubtful that defense counsel could have said anything to the judge that would have led to any orders different from those that were entered. The judge may have proceeded on a false premise, but the defendant could have presented this issue by insisting on findings and reasons that would have disclosed whether the judge did so. We will not permit the defendant's tactical choice not to press for findings and reasons to force this court to reach a constitutional issue that we would not otherwise have to consider.

The orders of the Superior Court revoking the defendant's probation and committing the defendant in execution of the sentences imposed are affirmed.

*So ordered.*

LIACOS, C.J. (dissenting). In identifying the procedural requirements of due process for probation revocation hearings, the United States Supreme Court has observed that "the decision to revoke probation typically involves two distinct components: (1) a retrospective factual question whether the probationer has violated a condition of probation; and (2) a discretionary determination by the sentencing authority whether violation of a condition warrants revocation of pro-

bation." *Black* v. *Romano*, 471 U.S. 606, 611 (1985).[1] The
court today appears to overlook the second component. The
court suggests that the only purpose that closing argument
could have served was to clarify a potential misunderstanding
by the judge as to the basis for revocation. If this were cor-
rect, the court's refusal to consider the defendant's due pro-
cess challenge because of his "tactical choice not to press for
findings and reasons," *ante* at 295, would, in my view, suf-
fice.[2] This "tactical choice" however, has no bearing on the
defendant's principal argument (and the one to which he de-
votes the bulk of his brief), that is, that the judge's refusal to
hear him at the close of evidence denied him his opportunity
to be heard, see *Commonwealth* v. *Durling*, 407 Mass. 108,
113 (1990), and prevented the judge from exercising in-
formed discretion.[3]

A probationer's right to present material relevant to the
discretionary phase of a revocation proceeding is well estab-
lished. The "probationer is entitled to an opportunity to show
not only that he did not violate the conditions [of probation],

---

[1] These procedural requirements include " '(a) written notice of the
claimed violations of [probation or] parole; (b) disclosure to the [proba-
tioner or] parolee of the evidence against him; (c) opportunity to be heard
in person and to present witnesses and documentary evidence; (d) the right
to confront and cross-examine adverse witnesses (unless the hearing officer
specifically finds good cause for not allowing confrontation); (e) a "neutral
and detached" hearing body such as a traditional parole board, members
of which need not be judicial officers or lawyers; and (f) a written state-
ment by the factfinders as to the evidence relied on and reasons for revok-
ing [probation or] parole.' *Morrissey* v. *Brewer*, [408 U.S. 471, 489
(1972)]." *Gagnon* v. *Scarpelli*, 411 U.S. 778, 786 (1973). See also *Com-
monwealth* v. *Durling*, 407 Mass. 108, 113 (1990).

[2] I agree that there was sufficient evidence, presented through the testi-
mony of the defendant's wife, to support the judge's conclusion that the
defendant had violated the terms of his probation.

[3] The defendant's decision not to press for findings has no bearing on the
question whether the judge's refusal to hear the defendant prevented the
judge from exercising informed discretion because, whatever else the find-
ings may have revealed, we know for certain that they would not have
considered information that the judge had never heard.

The transcript shows clearly that the judge refused to hear argument by
counsel on disposition and also refused to hear the defendant.

but also that there was a justifiable excuse for any violation or that revocation is not the appropriate disposition." *Black* v. *Romano, supra* at 612. "Moreover, where the factfinder has discretion to continue probation, the procedures required by [*Gagnon* v. *Scarpelli*, 411 U.S. 778 (1973)] and [*Morrissey* v. *Brewer*, 408 U.S. 471 (1972)] assure the probationer an opportunity to present mitigating evidence and to argue that alternatives to imprisonment are appropriate." *Id.* at 614. "It is not enough that a violation of probation condition has been admitted or established at a hearing. A further and equally important step is necessary to determine whether such a violation warrants revocation and, if so, what sentence shall be imposed." *United States* v. *Diaz-Burgos*, 601 F.2d 983, 985 (9th Cir. 1979). "Although the probationer may not call witnesses with respect to the second stage of the hearing, *he has the right to address the court and present it with mitigating circumstances*" (emphasis supplied). *United States* v. *Morin*, 889 F.2d 328, 332 (1st Cir. 1989).

The defendant in this case clearly had something to say, through his counsel, at the conclusion of the evidence. After his request for argument had been turned down once (over his objection), counsel stated: "Mr. Marvin would like to be heard, your Honor, before you impose your sentence, before making a decision, your Honor." The judge did not respond. I believe this was error. The opportunity to be heard on disposition is an essential aspect of the accommodation in probation revocation hearings of "the interests involved in a manner that satisfies procedural due process." *Black* v. *Romano, supra* at 614. The defendant was denied this opportunity.

I cannot agree with the court's conclusion that, "It is doubtful that defense counsel could have said anything to the judge that would have led to any orders different from those that were entered." *Ante* at 295. This is not the point. Nor is there any basis in the record for this conclusion. But revocation of probation was certainly not the *only* possible decision, and it is not inconceivable that the defendant could have presented information that would have swayed the judge to a

different result. See *Morin, supra* at 332. For the process to maintain its integrity, the requirements of due process must be respected. In this case, they were not. I dissent.