**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50247 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01938-GT-1 |
| v. | |
| MARTIN CASTRO-AVILES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Senior District Judge, Presiding

Submitted February 8, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, TROTT, and CLIFTON, Circuit Judges.

A defendant facing the determination of a sentence for a violation of

supervised release has a right to present mitigating evidence on his own behalf.

United States v. Diaz-Burgos, 601 F.2d 983, 985-86 (9th Cir. 1979) (per curiam);

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Fed. R. Crim. P. 32.1(b)(2)(E).  Here, Castro-Aviles's mitigating evidence -- which counsel asserts the district court ignored -- was that his mental condition when he attempted for a second time illegally to cross the border was substantially impaired by a serious illness.  Counsel argues that he was not able "to think for himself."

Contrary to counsel's assertions, the record demonstrates that Castro-Aviles was adequately allowed to present his mitigating evidence.  He did so in his counsel's thorough sentencing memorandum, which was supported by relevant medical reports and a transcript containing, in translation from Spanish to English, the material parts of a recorded conversation purportedly corroborating his assertions of his confused and disoriented mental state at the time of the violation.  Moreover, counsel extensively argued this point and his supporting evidence without interruption during the sentencing hearing.

Castro-Aviles complains that the district court did not personally review the DVD of the recorded conversation, only the transcript.  We begin by noting that there is no request in the sentencing memorandum that the court view the DVD before the hearing.  When the court indicated during the hearing that it had not done so, counsel did not object to what he now claims was a Due Process and a Federal Rule of Criminal Procedure Rule 32.1 violation and he did not request the court then to view it or offer to show it as evidence on his client's behalf.  Instead,

counsel opted to rely on the transcript of the recorded conversation which counsel argued adequately proved his point and which the court had read and considered. The district court thus did not err when it did not view the DVD. Diaz-Burgos, on which counsel relies, is plainly distinguishable on its facts and therefore inapposite. In that case, unlike here, the district court flatly refused to consider mitigating evidence. 601 F.2d at 985-96.

Second, counsel argues that the district court gave no reason for choosing a mid-Guidelines sentence lower than the sentence recommended by the Probation Officer. This argument also has no merit. The Guidelines range was only twelve to eighteen months. The record as a whole adequately demonstrates that Castro-Aviles's violation occurred less than one year after supervised release was imposed, and that the violation was a repeat offense. See United States v. Simtob, 485 F.3d 1058, 1063 (9th Cir. 2007) (repeat supervised release violators may need "greater sanctions" to "deter future criminal activity"). Moreover, the defendant had a significant criminal record, category IV. The district court identified "these circumstances" in choosing the defendant's sentence, circumstances which correspond to the 18 U.S.C. § 3553 and § 3583(e) factors. See United States v. Hammons, 558 F.3d 1100, 1104 (9th Cir. 2009) ("adequate explanation in some cases may also be inferred from the PSR or the record" (internal quotation marks

3

omitted)); United States v. Carty, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("[A] sufficient explanation will necessarily vary depending upon the complexity of the particular case . . . .").

If anything, the defendant as a budding serial recidivist was fortunate not to be treated more harshly. Given the record, his plea for time served was not appropriate. On the other hand, the court's choice of a lenient fifteen-month sentence against the Probation Officer's recommendation of eighteen months finds support in the very evidence counsel claims was not considered, the evidence of his mental and physical health condition.[1]

AFFIRMED.

---

[1] Castro-Aviles's excerpt of record is not appropriately "consecutively paginated" as required Ninth Circuit Rule 30-1. The numbers for pages 14-29 are not legible. Counsel shall avoid this mistake in the future.