NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-373

COMMOMWEALTH

vs.

FARMION R. WILLIAMS.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order of a judge of the Superior Court revoking his probation. He asserts that the judge erred by declining to apply the exclusionary rule to evidence presented at the probation violation hearing and abused his discretion by (1) denying the defendant's request to recall a witness, and (2) finding the defendant in violation of probation without sufficient evidence to prove that he committed criminal offenses while on probation.[2] We affirm.

Background. In 2012 the defendant pleaded guilty to carrying a firearm without a valid license and possessing ammunition without a firearm identification card, having

---

[1] Also known as Reginald Williams.

[2] The judge also found that the defendant violated noncriminal conditions of his probation.

previously been convicted of three violent crimes or serious drug offenses.[3] He was sentenced to seven to ten years in State prison, with five years of probation to be served after his release. The defendant began his probation in September 2016. In November 2019, the defendant was arrested and charged with new offenses, including carrying a firearm without a valid license and the unlawful possession of a loaded firearm, large capacity firearm, and ammunition.

Prior to his probation violation hearing, the defendant filed a motion to apply the exclusionary rule at the probation violation proceeding to the evidence seized in conjunction with the searches underlying the new criminal charges, as well as a motion to suppress that evidence. On February 5, 2021, a judge heard testimony from a probation officer and two police officers. The defendant sought to call another police officer who was unavailable that day, so the hearing was continued to March 12, 2021, for the officer's testimony.

The defendant failed to appear for the March 12 hearing and a default warrant was issued. Over seven months later, on October 27, 2021, the defendant was arrested on the warrant. On November 4, 2021, the matter came before a different judge. The

---

[3] The plea occurred after the defendant's motion for new trial was allowed on his conviction of a 2005 multi-count indictment for which he originally was sentenced to concurrent State prison terms of fifteen years to fifteen years and one day.

2

defendant requested that the hearing be started "from scratch." In particular, he pointed to "a real issue with credibility" in the testimony of one of the police officers who testified on the first day of the hearing. After taking the matter under advisement, the second judge listened to recordings and reviewed transcripts of the prior hearing. On November 15, 2021, the second judge denied the defendant's request to recall the witnesses. He reasoned that the issues to be resolved at the hearing were relatively simple, the witnesses had already testified at length and been cross-examined in the defendant's presence, and the defendant forfeited his right to recall the witnesses when he did not appear in court on the second hearing date. On December 1, 2021, after hearing from the defendant's final witness, the second judge found the defendant in violation of probation.

Discussion. 1. Application of the exclusionary rule.[4] "[T]he exclusionary rule does not generally apply to probation violation proceedings." Commonwealth v. Rainey, 491 Mass. 632, 637 (2023), citing Commonwealth v. Olsen, 405 Mass. 491, 494 (1989).[5] The defendant argues that Olsen, supra, requires

_____

[4] Although the parties agreed that the defendant's motion to suppress evidence would be heard simultaneously with the probation violation hearing, the second judge did not explicitly rule on the motion to suppress.
[5] The defendant filed a letter pursuant to Mass. R. A. P. 16 (l), as appearing in 481 Mass. 1628 (2019), directing us to a case

exclusion of evidence from a probation violation hearing when officers "specifically direct[] unlawful conduct at a probationer knowing that they are subject to probation supervision." He asserts that the second judge should have concluded that investigating officers knew of the defendant's probationary status in November 2019 and "specifically targeted him for a surveillance operation and multiple searches." We disagree.

In Olsen, 405 Mass. at 496, the Supreme Judicial Court left open the question whether evidence should be excluded at a probation violation hearing where it was "the product of police harassment or the result of a police focus to obtain evidence specifically for a probation revocation hearing." Commonwealth v. Simon, 57 Mass. App. Ct. 80, 90 (2003). To the defendant's benefit, the judge applied this framework when he analyzed the defendant's motion to apply the exclusionary rule to the violation proceeding. Here, there was evidence that (1) the arresting officers had been involved in an unrelated arrest of

pending in the Supreme Judicial Court in which that court has solicited amicus briefs on an issue related to Olsen. See Commonwealth v. Gelin, SJC-13433. We have reviewed the appellant's brief in Gelin, which argues for the ability to raise a Fourteenth Amendment equal protection claim to suppress the results of a racially-motivated search at a probation violation hearing. The defendant has not argued, here or in the trial court, that the search was racially motivated. Nor has the defendant moved to stay this appeal pending the outcome of Gelin.

4

the defendant in January 2019; (2) the defendant had filed an internal affairs complaint against one of the officers who testified at the first part of the violation hearing, as well as other members of that officer's investigative unit, in August 2019; (3) investigating officers knew that the defendant had a criminal record that included illegal drug and firearm convictions; and (4) officers checked the defendant's board of probation record before conducting the surveillance that resulted in the arrest at issue.[6]  On this record, we discern no error in the judge's determination that "notwithstanding the fact that there was an Internal Affairs complaint filed against [one of the police witnesses] by the defendant[,] [t]here's no indication . . . that there was any harassment of [the defendant] with respect to this particular stop or that the stop was solely because they knew that he was on probation."[7]

---

[6] Although the defendant's counsel did not ask either of the officers who testified at the first part of the hearing whether they knew that the defendant was on probation, the defendant argues from the police testimony about checking his criminal record that the record "overwhelmingly supports" that investigating officers knew he was on probation before surveilling him.  A review of his board of probation record makes this less than clear based on the various entries relating to his motion for new trial and resentencing.

[7] Because we agree with the second judge that the exclusionary rule does not apply in these circumstances, we need not reach the issue whether the search was in fact unlawful, which, on the record before us, does not necessarily appear to be the case.

5

2.  The defendant's request to recall witnesses.  "The manner and order of the presentation of evidence and the interrogation of witnesses is entrusted to the sound discretion of the [hearing] judge."  Commonwealth v. Forte, 469 Mass. 469, 488 (2014).  The defendant contends that the second judge violated his due process rights and committed an abuse of discretion by denying him the opportunity to present live witnesses without conducting the analysis required under Commonwealth v. Costa, 490 Mass. 118, 127-128 (2022), and Commonwealth v. Hartfield, 474 Mass. 474, 480-481 (2016).  Again, we disagree.

To begin, the cases cited by the defendant in support of this argument are inapposite, because the witnesses here did testify in person.  Although some of the witnesses testified before a different judge, their testimony was part of the same hearing, and the defendant had a full opportunity to question them.  Thus, "[h]e was . . . not denied his constitutional right to confront the witnesses against him, or the opportunity to challenge the witnesses' credibility and the truth or accuracy of their testimony."  Forte, 469 Mass. at 488.

Nor do we think it unreasonable for the second judge to find that the defendant waived his right to recall witnesses after he failed to appear for the second day of hearing without explanation.  The defendant was present when the date for

6

continuation of hearing was announced, but he did not return to court until he was arrested on the warrant. Even had the defendant not forfeited his right to recall witnesses, we discern no abuse of discretion in the second judge's ruling. See Commonwealth v. Hicks, 375 Mass. 274, 276 (1978) (within judge's discretion to determine "[w]hether or not a witness should be recalled in a criminal case"). Beyond simply finding waiver, the judge explored the reasons the defendant sought to recall witnesses. The defendant focused on witness credibility and particularly cited the internal affairs complaint he filed against one of the police witnesses. Yet, he acknowledged that he had already cross-examined the witnesses on those subjects. See Forte, 469 Mass. at 488 (recall of witnesses appropriate if defendant would otherwise be unreasonably deprived of opportunity to present newly discovered information material to defense). The second judge read the transcript of the witnesses' testimony before the first judge and listened to the audio recording of the testimony.

3. Sufficiency of the evidence. "The Commonwealth must prove a violation of probation by a preponderance of the evidence." Commonwealth v. Bukin, 467 Mass. 516, 520 (2014). "A determination whether a violation of probation has occurred lies within the discretion of the hearing judge." Id. at 519-520. The defendant contends that the second judge abused his

7

discretion because there was insufficient evidence to support a finding that the defendant constructively possessed the firearm recovered from his vehicle or had knowledge that the firearm contained ammunition or had a large capacity feeding device. We disagree.

"To establish constructive possession, the Commonwealth must prove a defendant's (a) knowledge of the contraband; (b) ability to control it; and (c) intention to exercise control over it." Commonwealth v. Crapps, 84 Mass. App. Ct. 442, 444 (2013). Here, officers testified that they saw the defendant approach a vehicle and remotely unlock it. He then opened the front passenger door and leaned into the passenger compartment for several minutes. When police subsequently searched the vehicle, they saw the butt of a firearm sticking up from between the front passenger seat and the middle console. The defendant was the vehicle's registered owner, and there was no evidence that anyone else went near the vehicle from the time the defendant entered it until the police searched it. This evidence was sufficient for the judge to find by a preponderance of the evidence that the defendant constructively possessed the firearm and knew both that it was loaded and that it contained a high capacity feeding device. See Commonwealth v. Clark, 446 Mass. 620, 624 (2006) (evidence sufficed to prove constructive possession in criminal prosecution where contraband found in

8

center console and defendant had control of vehicle); Commonwealth v. Elysee, 77 Mass. App. Ct. 833, 848 n.12 (2010) (evidence sufficed to prove constructive possession at probation revocation proceeding where gun found under defendant's car seat and defendant exhibited consciousness of guilt).

<div style="margin-left: 50%;">

Order revoking probation
 affirmed.

By the Court (Massing,
 Grant & Brennan, JJ.[8]),

*Joseph F. Stanton*

Clerk

</div>

Entered:  October 13, 2023.

---

[8] The panelists are listed in order of seniority.